REBECCA SELWITZ
*vs.*
TEMPLE BETH SHOLOM, INC.

Superior Court          Hartford County          File No. 63281

MEMORANDUM FILED OCTOBER 28, 1940.

*George C. Lessner,* of Manchester, for the Plaintiff.

*Pelgrift & Blumenfeld,* of Hartford, for the Defendant.

FOSTER, J.   It appears in the complaint that the defendant, a corporation organized under the laws of this State, was the owner of a building and in that building conducted a "book review"; that the general public was invited to attend; that a consideration was required from those who attended; that the plaintiff had paid a consideration and attended the "book review"; that while so upon the premises of the defendant she had received injuries caused by negligence of the defendant.

As an affirmative defense the defendant alleges that it was at the time the plaintiff was injured a charitable institution having no corporate stock and whose members derived no profit from its operations.

To this defense the plaintiff demurs.

The plaintiff was an invitee upon the premises of the defendant at the time she was injured. She had paid the defendant a consideration for the privilege of being upon such premises. Assuming, as we must upon this demurrer, that the members of the defendant corporation made no profit, nevertheless the defendant received a consideration from the plaintiff.

"While for one reason or another the courts have held a public charity immune from liability for the negligence of its employees, in the employment of whom it has exercised due care, such exemption from liability has not generally been extended to cover actions brought by employees, invitees or strangers. In such actions the majority of the courts have failed to discover any sound reason of public policy justifying an exemption of the charity from liability for injuries negligently inflicted....The plaintiff was not a patient of the hospital but was at most an invitee when he went to the hospital for his wife who had been a patient. The fact that he had agreed to pay and did pay for her care and treatment at less than its cost to the defendant did not place him in the same legal situation as his wife had she been the plaintiff. The defendant owed him the duty which any landowner owes to an invitee who comes upon his premises." *Cohen vs. General Hospital Society,* 113 Conn. 188, 198.

The plaintiff's demurrer to the defendant's affirmative defense is sustained.